UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>v.<br><br>MATTHEW PERRY MAPLES<br><br>Defendant. | Case No.:  17cr2339-LAB<br><br>**ORDER DENYING MOTION FOR REDUCTION OF SENTENCE UNDER 18 U.S.C. §3582(c)(1)(A) (COMPASSIONATE RELEASE)** |

In 2017, Matthew Perry Maples ("Maples") pled guilty to Attempted Enticement of a Minor in violation of 18 U.S.C. § 2422(b). (Dkt. 34).  On December 18, 2018, the Court sentenced Maples to the statutory minimum custodial sentence of 120 months, plus 5 years of supervised release.  According to the Bureau of Prisons, he is scheduled to be released January 26, 2026.  Bureau of Prisons, https//www.bop.gov/inmateloc (last accessed October 27, 2021). He moves for a reduction of sentence under 18 U.S.C. § 3582(c)(1)(A), which permits a court to modify a defendant's term of imprisonment if it concludes that "extraordinary and compelling" reasons merit a reduction after considering the factors presented in 18 U.S.C. § 3553(a).

Maples asks the Court to reduce his sentence to time served for three reasons.  First, he claims that because he has obstructive sleep apnea, persistent

depressive disorder, generalized anxiety disorder, and hypothyroidism he is highly vulnerable to contracting COVID-19 and dying from it. (Dkt. 43 at 6). He also seeks compassionate release due to his sister's diagnosis of cancer and his desire to "live near her in order to assist in any way he can with her care." (*Id.* at 7). Third, he claims that "[t]he view in some circles is that sex offender punishment is sometimes too harsh." (*Id.* at 5). The Government opposes his motion, arguing that neither Maples' health nor his desire to assist his sister rises to the level of an extraordinary and compelling reason for his release. (Dkt. 44 at 7, 9). The Government doesn't address Maples' second ground for compassionate release, i.e. "not withstanding his plea agreement . . . he was over-sentenced." (Dkt. 43 at 8).

In his first claim, Maples states he is now obese weighing 225 lbs. at a height of 6' resulting in a BMI of 30.5, slightly over the 30.0 necessary to classify Maples as obese. (*Id.*). He argues that based on his obesity and his obstructive sleep apnea, COVID-19 could "potentially kill him." (*Id.* at 6). He makes no claims that he has suffered any serious health problems resulting from his obesity and other diagnoses during his incarceration. His medical records indicate some health issues, but they don't apparently diminish his ability to provide self-care, his physicians describe the conditions variously as "unremarkable," "mild," or "within normal limits," and they recommend treatments available to him in custody. (*Id.* Ex. A at A-16–25). Some of his conditions could increase his COVID-19 risk. But BOP records show that, as of October 25, 2021, the institution where he is housed has only one inmate and one staff member with active COVID-19 infections, while 1032 of the 1161 inmates housed there have been vaccinated. BOP: COVID-19 Update, https://www.bop.gov/coronavirus (last accessed October 27, 2021). Maples' health issues are neither extraordinary nor compelling.

Maples second ground for compassionate release is his sister's diagnosis of polycythemia vera, a "slow-growing[] blood cancer" that slows blood flow, can

cause blood clots, heart attack, or stroke, and can progress to "more-serious blood cancers." (Dkt. 43 at 7). He briefly outlines his sister's medical issues and concludes his request for compassionate release on this basis by stating "[s]he is now 51 years old and could use help with daily living and medical visits, and [he] intends to live near her in order to assist in any way he can with her care." (*Id.*). But Maples doesn't provide any information on his sister's level of disability, whether there is another person who currently or prospectively can act as her caregiver, or any other reason that his assistance would be necessary, rather than merely helpful. Maples hasn't established the requisite extraordinary and compelling reasons to warrant compassionate release in connection with his sister's ill health.

As a third ground, Maples argues that he was "over-sentenced." (Dkt. 43 at 8). He argues that "the thinking across this county is that the guidelines for [sex offenders] is seriously out of line with reality and that the scenario is not based on justice but rather on politics and the unpopularity (near pariah-like status) of [sex offenders] in our society." (*Id.* at 10). But even if the Court could order compassionate release of an inmate who hasn't served the statutory minimum sentence for his crime (an open question), doing so on the basis that the minimum is simply so long as to be unjust would nullify Congress's statutory directive.

Maples doesn't cite any authority to suggest that attempted enticement of a minor is subject to unjustly long sentences, in any event. Each authority he cites in support of his argument focuses on different crimes—possession and distribution of child pornography. Maples' crime was more serious: he was "arrested at a hotel in Point Loma, where he had reserved a room and was waiting to meet with [a] 13-year-old girl." (Dkt. 44 at 5). The pre-sentence report ("PSR"), which received no objection, relates that Maples engaged an undercover officer in online conversation, believing her to be a 13-year-old girl, sent her explicit images of his genitals, graphically described the sexual acts he hoped to engage in with

her, and invited her to a hotel room. (Dkt. 34 at 3–5.) Upon his arrest, he admitted that he intended to engage in sexual activity with the child. (*Id.* at 5). The Court's imposition of the mandatory minimum sentence for this offense wasn't so harsh that it constitutes an extraordinary or compelling reason to release Maples now.

For similar reasons, the § 3553(a) factors continue to support the imposition of Maples' original sentence. His offense—attempted enticement of a minor (a Class A felony) was unquestionably serious, as described above, and warrants the enforcement of the Court's original sentence to reflect the seriousness of the offense, the promote respect for the law, to provide just punishment, and to afford adequate deterrence. 18 U.S.C. § 3553(a)(2)(A)–(B). Moreover, Maples' sentence is necessary to protect the public from his further crimes: as described in the PSR (and contrary to Maples' insistence that he had led a "legally blameless, crime-free . . . life" prior to this incident), Maples engaged in previous efforts to participate in sexual relations with children. (Dkt. 34 at 5); *see* 18 U.S.C. § 3553(a)(2)(C).

Maples hasn't demonstrated extraordinary and compelling reasons warranting a reduction in his sentence. His motion for early release is **DENIED**.

**IT IS SO ORDERED**.

Dated: October 27, 2021

Honorable Larry Alan Burns
United States District Judge